### Gordon Marugg, Defendant in Error, v. William Kells, Plaintiff in Error.

### Gen. No. 14,300.

1. Dram-shop Act—*what allegations sufficient to permit evidence of sales by defendant's servants.* In an action under the Dram-shop Act for loss of support, an allegation that the defendant sold liquor, etc., is sufficient to enable proof of sales of liquor, etc., by the servants of such defendant.

2. Evidence—*when statements made by party's own witness cannot be shown.* When a witness has not given adverse testimony the party calling him is not permitted to prove that he had made statements which, if sworn to at the trial, would tend to make out the case of the party calling such witness.

Tort. Error to the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and remanded. Opinion filed January 26, 1909.

Francis J. Sullivan and John J. Swenie, for plaintiff in error.

Carl A. Ross, for defendant in error.

Mr. Justice Baker delivered the opinion of the court.

The recovery in this case was under the provisions of Section 9 of the Dram-Shop Act and was by defendant in error, a boy six years old, plaintiff, against plaintiff in error, the keeper of a dram-shop, defendant, for injury to the plaintiff's means of support in consequence of the intoxication of plaintiff's father, Henry Marugg, which intoxication, plaintiff in his statement of claim alleged was caused by intoxicating liquors sold or given to him by plaintiff in error in his saloon.

The contention of plaintiff in error that plaintiff, under his statement of claim, could not prove or recover on account of intoxicating liquors sold to plaint-

iff's father by an agent or servant of the defendant, is without merit. It was not necessary, in order to prove or recover for sales made by agents or servants, to allege that defendant, by his servants or agents, made such sales, but was sufficient to allege that the liquors were sold by the defendant, and prove that the sales were made by the agents or servants of the defendant in the usual course of their employment by the defendant.

Several other grounds of reversal are urged by counsel for plaintiff in error, but it will only be necessary to notice one of them.

Thomas Sargent, a witness called by plaintiff, testified that he occasionally went into the saloon of the defendant Kells, but had never known of plaintiff's father going into Kells' saloon and had never seen him drink there. He was then asked by plaintiff's counsel whether in a conversation at a certain time and place with plaintiff's mother, his attorney, and another, he did not state that he saw plaintiff's father drink beer in Kells' saloon, and answered that he had such a conversation but did not state that he saw plaintiff's father drink beer in Kells' saloon. Plaintiff's counsel then called plaintiff's mother who testified, over the objection of the defendant, that Sargent stated in the conversation referred to that he saw plaintiff's father drink in Kells' saloon, out of a tall glass, what he thought was beer.

The question here presented is not as to the limits to which a party may go in contradicting a witness called by him who unexpectedly testifies against the party calling him, to any matter damaging to such party or favorable to the opposite party, by proving that such witness had made statements different from his present testimony. Under no possible view can it be said that Sargent's testimony, that he had not seen plaintiff's father drink beer in Kells' saloon, was either damaging to the plaintiff or favorable to the defendant. He stated no facts tending to show that Kells did not sell beer or liquors to plaintiff's father;

he only asserted that he had no knowledge of any such sale.

When a witness has not given adverse testimony, the party calling him is not permitted to prove that he had made statements which, if sworn to at the trial, would tend to make out the case of the party calling such witness. 1 Wigmore Ev., Sec. 904, par. 8; People v. Jacobs, 49 Calif. 384; Chism v. State, 70 Miss. 742.

In States where the statute permits a party calling a witness to contradict him by showing that he had made statements different from his present testimony, the rule is, that the statute does not apply to a case where the witness does not state any fact prejudicial to the party calling him, but only fails to prove facts favorable to such party. Champ v. Commonwealth, 2 Metcalf, Ky. 17; Langford v. Jones, 18 Oregon, 307; Hull v. State, 93 Ind. 132.

In Langford v. Jones, *supra,* Thayer, C. J., said: "If it were proper (to offer such evidence), a case could be made out many times by proof of what third persons had said; it would only be necessary to call the persons as witnesses and attempt to show by them the substance of the matter embraced in the statements, and, having failed in that, then to prove what such persons had said at another time and place, when they were not under oath, and obtain the benefit of that as direct evidence of the fact. Such a construction would enable parties to employ as a sword what was intended as a shield."

In Hull v. State, *supra,* Best, J., said: "No fact having been stated none could be disproved and as the jury might regard these statements as substantial proof of the fact sought to be established, great harm might result, as they are clearly inadmissible for that purpose. The statute therefore did not, as we think, authorize appellant to prove these statements."

The admission of evidence of Sargent's statements was, we think, reversible error, and for that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*